The Honorable Jason G. Crowell State Representative, District 158 State Capitol Building Jefferson City, MO 65101
Dear Representative Crowell:
We are in receipt of a request from you for an opinion from this office that asks two related questions. You ask whether a member of the city council of Cape Girardeau may run for county auditor and, if elected, hold both offices simultaneously.
We have found no statutory provisions, nor any case law that supports the proposition that a sitting city council member is ineligible to run for a county office. We note that the council member has responsibilities in that position that should be met while running for another office. We take no position regarding the city's charter and its ordinances because it is the long standing position of this office not to opine regarding ordinances or charter provisions of cities. Moreover, you have stated that there are no prohibitions in the charter or the ordinances preventing the council member from running for county auditor.
The issue whether an individual can serve simultaneously as county auditor and a member of a city council turns on whether the positions are incompatible with one another.
This office has stated that an individual may not serve in two offices simultaneously if the duties of the two offices are inconsistent, antagonistic, repugnant, or conflicting, as where, for example one office is subordinate to the other. Opinion No. 358-65. Our opinions have been based upon the doctrine of incompatibility as set forth by the courts of our state. For instance, the Supreme Court has held that:
 At common law the only limit to the number of offices one person might hold was that they should be compatible and consistent. The incompatibility does not consist in a physical inability of one person to discharge the duties of the two offices, but there must be some inconsistency in the functions of the two, some conflict in the duties required of the officers, as where one has some supervision of the others, is required to deal with, control, or assist him.
State ex rel. Walker v. Bus, 135 Mo. 325, 36 S.W. 636, 639 (1896).
The Court has explained its position:
 The respective functions and duties of the particular offices and their exercise with a view to the public interest furnish the basis of determination in each case. Cases have turned on the question whether such duties are inconsistent, antagonistic, repugnant or conflicting as where, for example, one office is subordinate or accountable to the other.
State ex rel. McGaughey v. Grayston, 349 Mo. 700, 163 S.W.2d 335,339-40 (banc 1942).
The duties of a county auditor are set forth generally in Chapter 55, RSMo 2000. We find no incompatibility per se between the office of county auditor and a member of the city council. We have previously concluded that an individual can serve as a county and a municipal officer. In Opinion No. 121-88, a copy of which is attached, we concluded that there was no incompatibility between the offices of mayor and presiding commissioner. However, additional duties are also identified in Section50.332, RSMo 2000, which could under certain circumstances create an incompatibility.
Each county officer in all counties except first class counties having a charter form of government may, subject to the approval of the governing body of the county, contract with the governing body of any municipality located within such county, either in whole or in part, to perform the same type of duties for such municipality as such county officer is performing for the county. Any compensation paid by a municipality for services rendered pursuant to this section shall be paid directly to the county, or county officer, or both, as provided in the provisions of the contract, and any compensation allowed any county officer under any such contract may be retained by such officer in addition to all other compensation provided by law.
Should the city of Cape Girardeau request services of the county auditor and the county commission approve such services to be so provided, there would be an incompatibility between the offices of county auditor and city council member. Because of the provisions cited above in Section 50.332, we believe that there is a potential for conflict between a council member who helps govern a city and the county auditor who can provide auditing services for the city.
 CONCLUSION
A member of a city council may run for county auditor; however, an individual may not serve simultaneously as county auditor of a first class county and as a member of a city council within that county.
CITY COUNCIL: A member of a city council may run for
COUNTY AUDITOR: county auditor; however, an individual
INCOMPATIBILITY OF OFFICES: may not serve simultaneously as county auditor of a first class county and as a member of a city council within that county.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General